

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1034-13

### ROBERT LANE MARSH, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

**KELLER, P.J., filed a concurring opinion.**

My reading of the court of appeals opinion does not quite line up with the Court's reading of the opinion. As I understand it, the court of appeals did not hold that the State failed to preserve its argument. Instead, it addressed the substance of the State's claim. Moreover, the State's claim on appeal was not that the amended certification was defective; it was that appellant waived his appeal.

The State's cross-point in its brief to the court of appeals says, "Appellant waived his right of appeal. Therefore his appeal should be dismissed." In addressing the State's argument "that appellant waived his right to appeal," the court of appeals disagreed with the State "for two reasons."

First, the court pointed out that the State had never objected to the proceedings by which the original certification was amended and the State raised its complaint for the first time on appeal. But the court did not say that the State forfeited its claim; it did not mention forfeiture at all. I think the Court reads too much into the opinion when it says that the court of appeals, "asserted that Texas Rule of Appellate Procedure 25.2 required the State to have filed a motion to strike the trial court's entry of the amended certification." It is not clear what the court meant by the reference to the State's lack of an objection, but it may merely have been intended as evidence that there was not, in fact, a waiver of appeal.

The court of appeals' second basis for rejecting the State's waiver argument was that the Rules of Appellate Procedure gave appellant the right to appeal and the record showed no waiver of that right. In this, the court was simply mistaken. Appellant's waiver of appeal was clear from both the plea papers and the record of the plea hearing.

I respectfully concur.

Date filed: October 1, 2014
Publish